Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROYAL PRINTEX, INC., a California Corporation,

Plaintiff,

v.

M.R.R. FABRIC, INC., a California corporation ; POETRY CORPORATION, a California Corporation; STYLES FOR LESS, INC., a California Corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey corporation; PRETTY REBELLIOUS, a Business Entity of Form Unknown; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT
3. BREACH OF CONTRACT

Jury Trial Demanded

Plaintiff ROYAL PRINTEX, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant M.R.R. FABRIC, INC. ("MRR FABRIC") is a corporation organized and existing under the laws of the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant POETRY CORPORATION ("POETRY") is a corporation organized and existing under the laws of the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant STYLES FOR LESS, INC. ("STYLE FOR LESS") is a corporation organized and existing under the laws of the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION ("BURLINGTON") is a corporation organized and existing under the laws of the state of New Jersey and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant

PRETTY REBELLIOUS ("PRETTY") is a business entity of form unknown and is doing business in and with the state of California.

10.Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11.Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12.Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each

and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGNS R-21088 and R-8821**

13. Prior to the conduct complained of herein, Plaintiff composed original two-dimensional artworks for purposes of textile printing, which are set forth hereinbelow. Plaintiff allocated this artwork with internal design numbers R-21088 ("Subject Design A") and R-8821 ("Subject Design B"). These artworks were creations of Plaintiff or Plaintiff's design team, and are, and at all relevant times were, owned exclusively by Plaintiff. Subject Design A and Subject Design B are collectively referred to herein as the "Subject Designs."

14. Plaintiff applied for and received a United States Copyright Registration for the Subject Designs.

15.A true and correct image of each of the Subject Designs is provided below:

Subject Design A:



Subject Design B:



16.Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Designs to numerous parties in the fashion and apparel industries, including directly to Defendant MRR FABRIC, on or about November 16, 2012, May 15, 2013, and July 1, 2013. Attached hereto as Exhibit 1 are true and correct copies of invoices detailing MRR FABRIC's purchases of fabric affixed with Subject Design A from Plaintiff.

17. MRR FABRIC, when receiving Plaintiff's samples of the Subject Design, impliedly promised to seek authorization from Plaintiff before using the Subject Design in any manner, and promised to pay Plaintiff for the use of the Subject Design if it chose to use it in any way.

18. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Designs, MRR FABRIC, POETRY, STYLES FOR LESS, BURLINGTON, PRETTY, and certain DOE Defendants

created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design A ("Infringing Product A"). Such Infringing Product A includes but is not limited to:

a. Garments comprised of fabric produced by MRR FABRIC sold by POETRY, which were then resold to STYLES FOR LESS, which were again resold in commerce under Style No. 2713FL, Vendor Style H414, and bearing a POETRY label, indicating such garments were manufactured by, caused to be manufactured by, or otherwise supplied to STYLES FOR LESS by POETRY. A true and correct image of one such garment with tags is provided below:






b. Garments sold by BURLINGTON, which were then resold in commerce under SKU No. 602-45024504, and bearing a "Pretty Rebellious" label, indicating such garments were manufactured by, caused to be manufactured by, or otherwise supplied to

BURLINGTON by PRETTY. Given the similarity in fabric design on such garments, Plaintiff is informed and believes, and thereon alleges that PRETTY acquired such Subject Product from POETRY or MRR FABRICS. A true and correct image of one such garment with tags is provided below:






19.Plaintiff is informed and believes and thereon alleges that, following Plaintiff's distribution of fabric bearing the Subject Designs, MRR FABRIC, POETRY, STYLES FOR LESS, BURLINGTON, PRETTY, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design B ("Infringing Product B"). Such Infringing Product B includes but is not limited to:

a. Garments comprised of fabric produced by MRR FABRIC ─ in the exact color combination of Subject Design B ─ sold by POETRY, which were then resold to STYLES FOR LESS, which were again resold in commerce under Style No. 2313SM, Vendor Style G773M, and bearing a POETRY label, indicating such garments were manufactured by, caused to be manufactured by, or otherwise supplied to STYLES FOR LESS by POETRY. A true and correct image of one such garment with tags is provided below:






20.Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional

and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

21. A comparison of the Subject Designs and the above non-exclusive exemplars of Infringing Product makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar, if not exact copies.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

22.Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers. Indeed, MRR FABRIC had indisputable access to Subject Design A. *See* Ex. 1, attached hereto.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print

design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

26. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

27. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28.Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

///

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

35.Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**THIRD CLAIM FOR RELIEF**

(For Breach of Implied Contract - Against MRR FABRIC)

36.Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37. Prior to the infringement alleged herein, MRR FABRIC took access to, and possession of, multiple samples of the Subject Design A in different colorways, directly from Plaintiff. MRR FABRIC received these samples only after expressly agreeing to Plaintiff's contractual restriction that MRR FABRIC would seek Plaintiff's authorization before creating any product bearing the Subject Designs, and, if it was to create product bearing the Subject Designs, it would only do so only through Plaintiff.

38. Plaintiff and MRR FABRIC further understood and agreed that MRR FABRIC would not advertise, promote, or publish the Subject Designs, or fabric or garments bearing the Subject Designs, or a derivative thereof, unless the products it was advertising, promoting, or publishing were authorized by Plaintiff, and/or created from fabric for which Plaintiff was paid.

39. MRR FABRIC, when receiving Plaintiff's samples of the Subject Designs, impliedly promised to seek authorization from Plaintiff before using the Subject Designss in any manner, and promised to pay Plaintiff for the use of the Subject Designs if it chose to use them in any way. This promise to pay for use of the

Subject Designs was discrete from MRR FABRIC's promise not to infringe the Subject Designs.

40. Plaintiff provided the Subject Designs to MRR FABRIC while negotiating a possible purchase by MRR FABRIC of Plaintiff's products. When providing the Subject Designs to MRR FABRIC, Plaintiff clearly indicated that MRR FABRIC was receiving samples of the Subject Designs with the condition that MRR FABRIC was to tender to Plaintiff the reasonable value of use of any of the Subject Designs if MRR FABRIC was to make use of the Subject Designs.

41. Plaintiff and MRR FABRIC engaged in the transactions set forth herein, wherein Plaintiff submitted the Subject Designs to MRR FABRIC with the understanding and expectation, clearly understood by said parties, that Plaintiff would first authorize, and then be paid for, any use of the Subject Designs by MRR FABRIC.

42. Plaintiff would not have disclosed the Subject Designs to MRR FABRIC without MRR FABRIC's agreement to the stipulations and conditions regarding Plaintiff's authorization of, and payment receipt for, any use of the Subject Designs by MRR FABRIC.

43.Despite this knowledge and understanding, MRR FABRIC had created, product bearing the Subject Designs, or a derivation thereof, by an Asian manufacturer that shipped to Europe, and published, advertised, sold, and promoted such products. In doing so, MRR FABRIC failed to seek Plaintiff's authorization before using the Subject Designs, and failed to pay Plaintiff for use of the Subject Designs, in violation of the parties' implied agreement as to same.

44.Due to the above, Plaintiff has suffered general and special damages, in an amount to be established at trial

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

***Against All Defendants***

45. With Respect to Each Claim for Relief

a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DONIGER / BURROUGHS

Dated: September 2, 2014

By: /s/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Attorneys for Plaintiff